IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUDITH HOUGH<br>5170 Stonehurst Dr.<br>Brunswick Hills, OH 44212<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITALS<br>11100 Euclid Ave<br>Cleveland, OH 44106<br><br>  PLEASE ALSO SERVE<br>  STATUTORY AGENT<br>  University Hospitals<br>  Health System, Inc.<br>  3605 Warrensville Center Rd.<br>  Shaker Heights, OH 44122<br><br>-and-<br><br>MARIANNE CHALOUPEK<br>C/O University Hospitals<br>11100 Euclid Ave<br>Cleveland, OH 44106<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff Judith Hough, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## PARTIES

1. Plaintiff Judith Hough is a resident of the city of Brunswick Hills, Medina County, state of Ohio.

2. Defendant Chaloupek is a resident of the state of Ohio.



3. Chaloupek, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at University Hospitals and who acted directly or indirectly in the interest of University Hospitals in relation to its employees, and is an employer within the meaning of R.C. § 4112.01(A)(2).

4. At all times herein, Chaloupek was acting in the course and scope of her employment.

5. At all times herein, Hough was acting in the course and scope of her employment.

### JURISDICTION AND VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hough is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

7. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the City operates their business and where the material facts in this matter took place.

9. At all times material herein, UH was Hough's employer within the meaning of 29 U.S.C. § 623 *et seq.*

10. At all times material herein, UH was Hough's employer within the meaning of Ohio Rev. Code § 4112.01 *et seq.*

11. Within 300 days of the conduct alleged below, Hough filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 846 2013 27205, attached hereto as Exhibit A.

12. Hough filed EEOC Charge of Discrimination No. 846 2013 27205 on September 17, 2013.



13. Hough received a Right to Sue Letter on September 16, 2015.

14. This action is timely and appropriate pursuant to 29 U.S.C. § 626(d)(1) as the filing comes within 90 days after Hough received his Right to Sue Letter.

15. All material events alleged in this Complaint occurred in Cuyahoga County.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

17. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

18. Hough is a former employee of UH.

19. On or about March 21, 2011, UH hired Hough as a Medical Secretary.

20. Hough was a valued and productive employee of UH.

21. Hough was injured in or about July 2012.

22. Hough was injured and suffered from a fractured femur.

23. As a result of a fractured femur, Hough is disabled.

24. Hough's fractured femur substantially impairs one or more of her major life activities, including working.

25. In the alternative, UH perceived Hough as being disabled.

26. In the alternative, UH perceived that Hough's medical condition constituted a physical impairment.

27. In the alternative, UH perceived Hough's fractured femur to substantially impair one or more of her major life activities, including working.

28. Despite this actual or perceived disabling condition, Hough was still able to perform the essential functions of her job.



29. Hough, after she reported her injuries, began to experience acts of discrimination from her supervisor, Chaloupek.

30. Hough's doctor ordered her to not put weigh on her leg.

31. Hough submitted a written request for an accommodation to UH on August 24, 2012.

32. Hough requested an accommodation of wheelchair transport to and from her car each day.

33. UH initially agreed to accommodate Hough.

34. UH briefly provided Hough with the accommodation of wheelchair transport to and from her vehicle.

35. UH stopped providing Hough with an accommodation, and Hough was forced to use a walker.

36. UH's refusal to provide wheelchair transport was a failure to accommodate.

37. UH's failure to accommodate caused Hough to sustain further injury.

38. After Hough was injured in July 2012, Chaloupek would scream at Hough without cause.

39. Chaloupek did not scream at the non-disabled employees.

40. Prior to July 2012, Hough received positive performance reviews..

41. After Hough was injured in July 2012, Chaloupek began giving Hough negative performance reviews.

42. Hough's negative performance reviews were unfounded.

43. Chaloupek did not give unfounded negative performance reviews to the non-disabled employees.

44. After Hough was injured in July 2012, Hough found Chaloupek's behavior so intolerable that Hough requested a department change.

45. Hough complained to Human Resources that UH was not providing her with the accommodation that she requested.



46. Hough complained to Human Resources about the disability discrimination that she was experiencing from Chaloupek.

47. On April 4, 2013 Hough opposed the unlawful disability discrimination.

48. On April 4, 2013 Hough notified Lori Seabron that she wanted to file a grievance against Chaloupek.

49. Seabron notified Chaloupek that Hough had complained about Chaloupek's behavior.

50. After Hough complained to Human Resources, Chaloupek's treatment worsened.

51. After Hough complained to Human Resources, Chaloupek did not give Hough her annual raise.

52. Chaloupek gave annual raises to the non-disabled employees.

53. After Hough complained to Human Resources, Chaloupek gave Hough a corrective action.

54. Chaloupek gave Hough a corrective action that was unfounded.

55. Chaloupek did not give unfounded corrective actions to the non-disabled employees.

56. Chaloupek gave Hough a corrective action to prevent her from switching departments.

57. Because UH refused to accommodate Hough, Hough took FMLA.

58. Hough called UH on August 12, 2013 to return to work.

59. On August 12, 2013 Hough was notified that she was terminated.

60. UH terminated Hough because she was disabled.

61. UH terminated Hough for opposing unlawful discrimination.

## COUNT I: DISABILITY DISCRIMINATION

62. Hough restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Hough suffered from a fractured femur.

64. Hough's medical condition constituted a physical impairment.



65. Hough is disabled.

66. In the alternative, Defendants perceived Hough as being disabled.

67. Defendants perceived Hough's condition to substantially impair one or more of her major life activities, including working.

68. Despite this actual or perceived disabling condition, Hough was still able to perform the essential functions of her job.

69. Defendants treated Hough differently than other similarly-situated employees based on her actual or perceived disabling condition.

70. Defendants violated R.C. § 4112.01 *et seq.* and 42 U.S.C §12101 *et seq.* by discriminating against Hough based on her actual or perceived disabling condition.

71. As a direct and proximate result of Defendants' conduct, Hough has suffered and will continue to suffer damages.

**COUNT II: WRONGFUL TERMINATION BASED ON DISABILITY DISCRIMINATION**

72. Hough restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. On or about August 12, 2013, UH terminated Hough's employment without just cause.

74. UH terminated Hough's employment based her actual or perceived disability.

75. UH violated R.C. §4112.01 *et seq.* and 42 U.S.C §12101 *et seq.* when it discharged Hough based on her actual or perceived disability.

76. As a direct and proximate result of UH's conduct, Hough suffered and will continue to suffer damages.

**COUNT III: FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

77. Hough restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



78. UH had knowledge of Hough's disability at all relevant times during her employment.

79. Hough requested accommodations from UH to assist her with his disability, to provide wheelchair transport to and from her car.

80. Hough requested accommodations were reasonable.

81. Hough's requested accommodations did not present an undue hardship on UH in providing those reasonable accommodations.

82. UH knew that Hough would be able to perform all her essential job functions with reasonable accommodation.

83. UH failed to provide reasonable accommodations to Hough that would have allowed her to continue to perform her essential job functions as well as alleviated the effects of her disability.

84. As a direct and proximate result of UH's conduct, Hough suffered and will continue to suffer damages.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Hough restates each and every prior paragraph of this complaint, as if it were fully restated herein.

86. Defendants intended to cause Hough emotional distress, or knew that their acts or omissions would result in serious emotional distress to Hough.

87. Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

88. As a direct and proximate result of the Defendants' acts and omissions, Hough has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

The Employee's Attorney.™ 

## DEMAND FOR RELIEF

WHEREFORE, Hough demands from Defendants the following:

(a) Issue a permanent injunction:

    (i) Requiring UH to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring UH to restore Hough to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Hough for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys fees and non-taxable costs for Hough's claims as allowable under law;



(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

          Respectfully submitted

          _____
          Claire I. Wade (0093174)
          **THE SPITZ LAW FIRM, LLC**
          25200 Chagrin Blvd., Suite 200
          Beachwood, OH 44122
          Phone: (216) 291-4744
          Fax:    (216) 291-5744
          Email: claire.wade@SpitzLawFirm.com

          *Attorneys For Plaintiff Judith Hough*

## JURY DEMAND

Plaintiff Judith Hough demands a trial by jury by the maximum number of jurors permitted.

          _____
          Claire I. Wade (0093174)
          **THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™